UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CASE NO. 1:21-cr-00575-JDB-2 |
| | : |
| **LESPERANCE et. al.,** | : |
| | : |
| **Defendants.** | : |

DEFENDANTS' REPLY TO THE UNITED STATES' OPPOSITION
REGARDING FAILURE TO STATE A CLAIM

Defendants David John Lesperance, Casey Cusick, and James Varnell Cusick Jr., by and through undersigned counsel, hereby reply to the government's opposition to Defendants' Motion to Dismiss the Information for failure to state a claim. The government's Information simply does not allege any crimes with enough specificity to invoke the Court's jurisdiction.

In the United States' Opposition, the government claims that "around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol Building, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts."

<u>None</u> of these acts are attributed to any of the Defendants.  The government claims only that "all three Defendants were caught on U.S. Capitol Police's CCTV System as they entered the Capitol Building through the Senate Wing Door;" "all three Defendants were later caught on law enforcement's body-worn cameras inside the Capitol Building;" "one of the Defendants admitted that on January 6, 2021 he went to the Capitol with his pastor;" and that "all three Defendants' cell-site location data from January 6 confirmed that their cell phones connected to towers that provided service to the U.S. Capitol.

Nothing in these statements, even if taken in the light most favoring the prosecution, constitute an allegation of a crime by any of the Defendants. Therefore, Defendants are entitled to dismissal, or at least a probable cause hearing.

LEGAL STANDARD

A defendant may move before trial to dismiss an information, or a count thereof, for "failure to state an offense." See Fed. R. Crim. P. 12(b)(3)(B)(v). The government's information against Defendants fails to state an offense because it simply does not contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

Defendants' alleged acts of "roaming the halls of the Capitol Building," and exiting "several minutes later" do not constitute any crime.

## ARGUMENT

Each of the misdemeanor counts alleged against Defendants require that certain elements be proven beyond a reasonable doubt. The crime of illegally entering and remaining in an unauthorized building, for example, requires proof that the building was both posted or announced as unauthorized and that Defendants knew of this announcement. Yet the government did not provide any facts to suggest that any of the Defendants had any knowledge about such restrictions. The government only concludes that they had such knowledge. The crime of disorderly conduct requires an allegation that Defendants conducted themselves in a disorderly manner. The act of "roaming" the hallway and exiting "several minutes later" is not disorderly conduct. Nor is roaming down a hallway and then exiting "picketing and parading" in any sense of those words. The government continuously uses the words "several minutes" when in fact Defendants were only in the building for about ten (10) minutes. Ten (10) minutes of "roaming the hallway" and then exiting the building is not a crime for which Defendants can be charged with.

An indictment is insufficient where it fails to allege an element required by settled law. An indictment's failure to recite an essential element of the charged offense requires dismissal of the indictment. United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999). The complete failure to charge an essential element of a crime "is by no means a mere technicality." See *United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978). As the Supreme Court stated over a century ago, the omission of a necessary element of an offense is a "matter of substance, and not a defect or imperfection in matter of form only . . . ." *United States v. Carll*, 105 U.S. 611, 613 (1881).

In Defendants' case, the government is attempting to charge the Defendants for merely being present. The government does not provide facts sufficient to conclude that Defendants entered and remained in a restricted building with a culpable intent. The government alleges that Defendants were "necessarily put on notice" by "[r]estrictions around the U.S. Capitol Police … and temporary security barriers manned by U.S. Capitol Police." However, if there was a "mob of rioters" as the government contends, how can one be so sure that Defendants saw whatever signs that may or may not have been posted through the "mob of rioters?"

The government also claims that one Defendant admitted that while at the front of the Capitol he witnessed "law enforcement officers arriving and hitting their shields with batons," and "he witnessed a law enforcement officer deploy a

flashbang device." He witnessed that after he had already arrived at the front of the Capitol, nothing in his interview suggests that he was put on notice that he was entering a restricted area. Also, what he witnessed was law enforcement attempting to get the crowd under control. Nothing about what he witnessed put him on notice that he was in a restricted area, just that officers thought the crowd needed to be controlled.

The government also fails to mention sufficient facts to justify Count 2, which requires proof that Defendants "knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions." There were no facts to show that Defendants actually impeded or disrupted the orderly conduct of Government business or official functions.

The government attempts to make the conclusion that because Defendants traveled to "Washington, D.C. ahead of January 6, made their way through a mob and entered the Capitol Building at the precise time and place when the Joint Session of Congress was **supposed** to convene to certify the Electoral College vote" that they "intended to impede, or disrupt the orderly conduct of a session of congress." Emphasis added. However, the Joint Session of Congress was not convened at the time Defendants entered the Capitol and there was no intention to disrupt or impede the orderly conduction of a session of congress. Defendants "roamed the hallways," they were not disruptive in any way. Also, the government

fails to mention the reason why Defendants traveled to Washing, D.C. ahead of January 6, it certainly was not to impede or disrupt the orderly conduct of a session of congress.

Count 3 requires that Defendants "willfully and knowingly" by uttering "loud, threatening, or abusive language, or engage in disorderly or disruptive conduct … with the intent to impede, disrupt, or disturb the orderly conduct of a session." The government does not provide facts in which one could conclude that Defendants were loud, threatening, or used abusive language. The government told us what Defendants did, they "roamed the hallway of the Capitol building" and exited "several minutes later." Nothing about that statement even suggests that Defendants were loud or threatening in any way. Entering the Capitol, roaming down a hallway and then exiting about ten (10) minutes later, does not constitute such an offense.

Count 4 alleges that Defendants "paraded, demonstrated, or picketed in a Capitol Building."  The government points to CCTV footage stating that that footage "captures the defendants as they parade around the Senate Wing Door in the midst of what is obviously an unlawful takeover." Again, the government fails to provide facts that illustrate what Defendants did that constitutes parading, demonstrating or picketing in a Capitol Building. As stated above, the government told us exactly what the Defendants did. Obviously, entering the Capitol, roaming

a hall and then exiting about (10) minutes later cannot possibly constitute such an offense.

### DEFENDANTS CANNOT BE PROSECUTED FOR MERELY BEING IN A "MOB OF RIOTERS"

"It is well-established that the determination of probable cause must be an individualized matter." *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause <u>particularized with respect to that person</u>. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...." *Ybarra v. Illinois*, 444 U.S. 85, 91, 100 (1979). "To demonstrate that plaintiffs' arrests were valid, therefore, the District must show that it had probable cause to arrest each individual . . ." *Carr*, 561 F. Supp. 2d at 13. "The fact that rioting is a group offense does not eliminate the constitutional requirement of particularized suspicion of guilt." *Id.*

This is true even if the "mob" has a generalized characterization of criminal behavior. *Carr*, supra, at 13.  Thus, even if a "mob" that Defendants were identified with engaged in violent and destructive behavior, Defendants cannot be prosecuted merely for associating with them. See *Washington Mobilization*

*Committee v. Cullinane*, 566 F.2d 107 (D.C. Cir. 1977); *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977); *Barham v. Ramsey*, 434 F.3d 565 (D.C. Cir. 2006); *Carr*, at 18. The government never attributed any of the "mob" behavior to any of the three Defendants. The government only concludes that by entering the Capitol Building the Defendants "joined a large mob of rioters" without any facts to show how or what the Defendants did to be a part of the "mob or rioters." Simply entering the building with or after the "mob" is not enough.

The D.C. Circuit addressed this issue in *Barham v. Ramsey*, 434 F.3d 565 (D.C. Cir. 2006). In *Barham*, an MPD police chief ordered the mass arrest of all persons in Pershing Park based on widespread infractions he had seen by demonstrators earlier that morning and during the hour in which he observed the activities in the park. *Id*. at 569-70. The arrests of 386 people were made with no prior warning to the occupants of the park to disperse and no notice that arrest was imminent. *Id*. at 570.

The D.C. Circuit rejected arguments by MPD because although "police are permitted to control an undifferentiated mass of people if necessary to quell a large-scale demonstration that has become unruly or violent," they had no authority to arrest people without individualized probable cause relating to each suspect. Id. at 575.

Similarly, the *Dellums* Court upheld a civil jury verdict against the U.S. Capitol Police Chief who ordered the mass arrest of a group of demonstrators on the Capitol steps. It explained that these demonstrators could not be arrested unless the Chief reasonably believed that they could be validly evicted under the Capitol Grounds ordinance and had given them an order to disperse and the opportunity to comply. See *Dellums*, 566 F.2d at 183.

### DEFENDANTS CANNOT BE PROSECUTED FOR BEING AROUND A GROUP CONTAINING <u>OTHERS</u> WHO COMMITTED CRIMES.

The requirement that probable cause be based on individualized, particularized conduct—by each Defendant alone—forecloses further prosecution in this case.  The Supreme Court has repeatedly dealt with cases where prosecutors contended a defendant's guilt could be based on the defendant's membership or association with groups such as the Communist Party.  In each case the Court held that prosecutors cannot impute guilt "to an individual merely on the basis of his associations and sympathies, rather than because of some concrete personal involvement in criminal conduct." *Scales v. United States*, 367 U.S. 203, 220 (1961).

Thus, Defendants' alleged acts of spending "several minutes roaming the halls of the Capitol Building," and then exiting "several minutes later" cannot

subject Defendants to punishment for "disorderly conduct," "picketing and parading," or "entering and remaining."

The law is clear that "[t]he right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected." *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992). If a person is to be punished for his association with others, there must be "clear proof that ... [he] specifically intend[ed] to accomplish [the aims of the protest] by resort to violence." Scales v. United States, 367 U.S. 203, 229 (1961). Under Supreme Court precedent, a peaceful political protester may not be punished for failing to cease his protected activity simply because others associated with the assembly may have committed illegal acts.

CONCLUSION

For the reasons described, the information against Defendants fail to state any claim upon which relief can be granted.

Dated: March 13, 2023                Respectfully submitted,

                                                  */s/ John M. Pierce*
                                                  John M. Pierce
                                                  John Pierce Law
                                                  21550 Oxnard Street
                                                  3rd Floor PMB #172
                                                  Woodland Hills, CA 91367
                                                  jpierce@johnpiercelaw.com