IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>**DAVID JOHN LESPERANCE, CASEY CUSICK, and JAMES VARNELL CUSICK, JR.,**<br><br>                    **Defendants.** | Criminal No.:   1:21-cr-575 (JDB) |

**DEFENDANTS MOTION IN LIMINE TO EXCLUDE ARGUMENTS, EVIDENCE, OR CLAIMS AT TRIAL THAT ARE PREJUDICIAL AND NOT PROBATIVE**

David John Lesperance, Casey Cusick, and James Varnell Cusick, Jr. ("Defendants"), through undersigned counsel, John M. Pierce, presents this motion for an order in limine to exclude from presentation or mention at trial of arguments, evidence, or claims that are unduly prejudicial. Here, Defendants seek to exclude material whose probative value is substantially outweighed" but which essentially has no reasonable probative value whatsoever. In support of their motion the Defendants state as follows:

I.   **INTRODUCTION AND OVERVIEW**

Defendants David John Lesperance, Casey Cusick, and James Varnell Cusick, Jr. stand accused of entering the U.S. Capitol building on or about January 6, 2021, and remaining in the Capitol for no more than 10 minutes. (ECF No.1-1 at

6-7). Yet, the Defendants are purportedly facing four (4) misdemeanor counts for those 10 minutes, as enumerated in the single superseding information and subsequent criminal complaint (ECF #1): 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building) 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building) 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). There are no factual allegations whatsoever of any kind establishing that the Defendants committed the crime in the complaint or information. The charges by the Government as listed in the complaint and information, presents only conclusory arguments and offers nothing more than the repetition of the language in the statutes. The superseding information against the Defendants is clearly legally defective and as should be subject to dismissal.

Furthermore, while the Statement of Facts lists the charges brought against the Defendants along with some definitions on certain terms, it still fails to sufficiently lay out specific facts which would provide a basis of probable cause to charge the Defendants with the crimes listed (ECF No. 1-1). The Statements, simply list information that has not been corroborated, it uses maps on social media, and information provided from cell towers to make conclusory statements regarding the Defendants location. Not to mention the fact that the charges have

not been shown how they directly connect to each of the Defendants and attempts to force the factfinder to guess or assume that the Government has satisfied their burden. In addition, the statement of facts contains numerous skeptical/prejudicial words such as: "allegedly", "tips", or "unknown individuals," instead of concrete statements or factual assertions. The Government has not met their burden, nor have they plead to anything that provides a basis for probable cause or allows anyone to come to a reasonable conclusion that the Defendants are guilty of the crimes charged. (ECF #1-1)2; (DOC #1-1). Thus, in the interests of fairness, the Defendants respectfully move the court to order a motion in limine in order to exclude arguments, evidence, or claims at trial that are prejudicial and little to no probative value.

    The facts of this case as included in the Statement of Facts, establish that the time stamps in the pictures which were used to indict the Defendants, were shown to be at 3:09 p.m. at the earliest and 3:19 p.m. being the latest time on record before the Defendants left the building. (ECF #1-1 at 2). Additionally, the Defendants seek dismissal of all four counts specifically due to the information in statements of facts, which led to the indictment handed out. For today's purposes, however, the complete lack of any factual allegations in the superseding information should be excluded along with arguments, evidence, or claims at trial

that are unfairly prejudicial and provide very little probative value to justify their use against the Defendants.

## II.   GOVERNING LAW

A motion in limine is one that acts as a "protective order against prejudicial questions and statements... and to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial. *See Redding v. Ferguson*, Tex.Civ.App. [1973], 501 S.W.2d 717, 724. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice... confusion of the issues and misleading the jury." Although any evidence that is relevant and a "fact of consequence" to the action should be admitted, Rule 403 specifies that, "relevant evidence may be excluded if unfairly prejudicial." *See Huddleston v. United States*, 485 U.S. 681, 687 (1988). Evidence, arguments, and claims can result in prejudice against the Defendants, "if the jury thinks [their] acts are particularly repugnant", shocking, or offensive. *See United States v. Rogers*, 287 U.S. App. D.C. 1, 918 F.2d 207, 211 (1990). Evidence is "unfairly prejudicial" when it "tends to suggest a decision on an improper basis." *See United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016). Evidence is also considered prejudicial if it "creates a risk that invites an irrational emotional response from the jury." *See United States v. Seals*, 813 F.3d 1038, 1043 (7th Cir. 2016).

Unfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). The function of Rule 403 is to exclude only evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *See United States v. McRae*, 593 F.2d 700 at 707 (1979). The inquiry then rests upon, whether the undue prejudicial effect of the evidence substantially outweighs its probative value. Essentially, Rule 403 is meant to protect the Defendants by requiring that a judge evaluate the risks of harm that would result to the Defendant (unfair prejudice, confusion, misleading) and to balance them against the probative value of the evidence, taking into account, "the probable effectiveness or lack of effectiveness of a limiting instruction." Fed. R. Evid. 403 advisory committee's note. *Id.* citing E.Imwinkelried, *Uncharged Misconduct Evidence* §§ 8:23 to 8:28 (1990)).

> **Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**:
>
> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
> https://www.law.cornell.edu/rules/fre/rule_403

The standard in a criminal accused is that an accused is presumed innocent until proven guilty beyond a reasonable doubt. "[T]hat there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453 (1895); *Estelle v. Williams*, 425 U.S. 501 (1976); *Kentucky v. Whorton*, 441 U.S. 786 (1979); *Taylor v. Kentucky*, 436 U.S. 478 (1978). As such, the Due Process Clause requires the prosecution to prove beyond a reasonable doubt every element of the charged criminal offense. *In re Winship*, 397 U.S. 358, 364 (1970). Most importantly, the burden to prove or disprove an element of the offense may never be shifted to the defendant. *Id; Patterson v. New York*, 432 U.S. 197, 215 (1977). Thus, no finding of "maybe" nor any conclusory argument can satisfy the standard of "guilty beyond a reasonable doubt." Furthermore, a criminal defendant has the constitutional right to confront (be confronted by) his accuser(s). One cannot constitutionally be confronted with a "maybe" or a "could be."

Additionally, the Government cannot prove the guilt of an individual defendant by suggesting that other people – not this Defendant – are guilty. Absent proof of a (relevant and material) conspiracy – which the Government has not attempted here – no person under the Due Process provisions of the U.S. Constitution may be accused or found guilty on the basis of guilt by association or

merely being alive in the vicinity of someone else committing a crime.  Here, the DOJ relies upon things that "the crowd said" or that "someone said" or "someone did" as being equivalent to proving the guilt of a particular individual Defendant.

Accusations, evidence, or argument which only seem to reference potential guilt cannot sustain a criminal conviction. Certainty is a necessary feature of criminal prosecutions. The only language included in the Information which was used to indict the Defendants state: "As noted above, JAMES VARNELL CUSICK JR was within 'the Grounds of in any of the Capitol buildings' on January 6, 2021." (ECF No. 1-1 at 7). Thus, here in this case, as in apparently every other January 6 related case brought for sentencing, the USAO would have this Court consider what is "very likely" and what defendants "may have observed."

> As stated by the *Hunter* Court:
>
>> [i]t is elementary that an information or indictment must set out the facts constituting the offense, with sufficient clearness to apprise the defendant of the charge he is expected to meet, and to inform the court of their sufficiency to sustain the conviction." *Hunter v. District of Columbia* , 47 App. D.C. 406, 409-410 (D.C. Cir. 1918).

"The primary duty of a lawyer engaged in public prosecution is not to convict, but to see that justice is done. The suppression of facts or the secreting of witnesses

capable of establishing the innocence of the accused is highly reprehensible." Gershman, at 194.

I. ARGUMENT

    A. CONJECTURE

The Government should be excluded from making argument about, making reference to, presenting on or introducing evidence of any element of a crime based upon the Government's conjecture rather than solid, admissible evidence that this Defendant in fact is guilty of each element of a crime beyond a reasonable doubt. In Count I, the Government accuses Defendants of "entering and remaining in a Restricted Building," yet the Government has alleged no facts of any such crime. It can only be imagined that the Government is planning to indulge in conjecture beyond the limits of known facts. In Count II, the Government accuses the Defendants of "disorderly and disruptive conduct in a Restricted Building," the first issue is that they fail to establish how a building that is regularly open to the public can be considered restricted or what exactly amounts to disorderly and disruptive conduct when the Government has alleged no facts of any such crime. The most they can show is that the Defendants were in the building for less than ten minutes. In Count III, the Government accuses that Defendants of "violent entry and disorderly conduct in a Capitol Building," but the Government has alleged no facts of any such crime. There is nothing in the Information, Statement

of Facts, or Criminal complaint that can even amount to a charge of violent entry. Even the images the Government uses to try to convict the Defendants merely shows them walking around the Capitol for no longer than ten minutes and admiring the architecture and aesthetics of the building as if they were in a museum. It can only be imagined that the Government is planning to indulge in conjecture beyond the limits of known facts. In Count IV, the Government accuses the Defendants of "Parading, Demonstrating, or Picketing in a Capitol Building," yet the Government has alleged no facts of any such crime. It can only be imagined that the Government is planning to indulge in conjecture beyond the limits of known facts. It would be prejudicial and confusing to the jury to offer the jury the Government's conjectures rather than actual, solid evidence of each element of a crime committed by an actual, identifiable Defendant.

### B. SPECULATION

The Government should be excluded from making arguments about, making reference to, presenting on or introducing evidence of any element of a crime based upon the Government's speculation rather than solid, admissible evidence that these Defendants are in fact is guilty of each element of a crime beyond a reasonable doubt. For the same reasons explained in Section A above, the Government has offered no factual allegations of the Counts identified therein, leading us to expect speculation instead. The most the Government has done was

include pictures of the Defendants peacefully observing the Capitol, as tourists would, and leaving ten minutes later.

It would be prejudicial and confusing to the jury to offer the jury the Government's speculation rather than actual, solid evidence of each element of a crime committed by an actual, identifiable Defendant. All the facts included in the Information and Statement of Facts are based on speculation and supposed "anonymous" sources. There is nothing even indicating that the Defendants were parading or demonstrating, any images included by the Government would look as if an individual was taking part in a tour of the Capitol. These instances of speculation are highly prejudicial to the Defendants and would deny their right to a fair trial. Instead of using speculation to convict the Defendants, the Government should use the actual facts and evidence, which supports the actual length of time (ten minutes) the Defendants entered and left a public building.

The Government should be excluded from making argument about, making reference to, presenting on or introducing evidence of any element of a crime based upon the Government's belief about speculation regarding what the Defendant was thinking or intended, rather than solid, admissible evidence that these Defendants are in fact is guilty of each element of a crime beyond a reasonable doubt.  Not only has the Government not brought factual allegations to support its charges, but the circumstances actually negate the imagined intent or

thinking of the Defendants as portrayed by the Government.

### C. GUILT BY ASSOCIATION

The Government should be excluded from making arguments about, making reference to, presenting on or introducing evidence of any element of a crime based upon the guilt of other people, not these Defendants, as an argument of guilt by association, or the Defendants being in the vicinity of a crime, or merely existing near where a crime occurred.

### D. NOT A CRIME TO ENTER A RESTRICTED AREA UNLESS DONE SO "KNOWINGLY"

The Government should be excluded from making argument about, making reference to, presenting on or introducing evidence of any crime of entering a restricted area unless the Government clearly informs the jury at the same time that the statute 18 U.S.C. 1752(a) makes such a crime only if the accused has done so "***knowingly***."  Not only would it be prejudicial and confusing to the jury not to clarify that merely being present in a restricted area is not (necessarily) a crime, but only knowingly entering a restricted area might be a crime, but to separate that clarification in time and substance would be unacceptably confusing and prejudicial.  Any reference to any alleged crime of being in a restricted area without also at the same time repeating that there is no crime unless it is done knowingly would be prejudicial, misleading, and confusing to the jury.

### E. "KNOWINGLY" ENTERING A RESTRICTED AREA REQUIRES CLEAR NOTICE OF ALTERATION OF THE STATUS QUO

The Government should be excluded from making arguments about, making reference to, presenting on or introducing evidence of any crime of ***knowingly*** entering a restricted area unless the Government makes clear that the U.S. Capitol and Capitol Grounds are normally <u>not</u> restricted, such that any notice provided to the public of a temporary restriction must be especially clear and explicit to make the public understand that the status quo has changed. The area surrounding the capitol building is considered a public forum because "members of the public use the area extensively by commuting to work, sightseeing, posing for pictures, jogging, walking dogs," etc. *Lederman v. United States*, 291 F.3d 36 (D.C. Cir. 2002) at 390. Furthermore, the area (including sidewalks) that surround the Capitol have traditionally been open to the public," and "the primary purpose for which the Capitol was designed—legislating"—is entirely consistent "with the existence of all parades, assemblages, or processions which may take place on the grounds." *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F.Supp. 575 (D.D.C. 1972) at 584.

Not only would it be prejudicial and confusing to the jury not to clarify that merely being present in a restricted area is not (necessarily) a crime but separating in time over the spread of the trial the idea that the restriction is temporary and that

any notice of a restriction must be a clear and explicit change from the normal status quo would be prejudicial and confusing to the jury. The Capitol building is normally open to the public, however the Government is attempting to use the argument of a maximum security type of government facility to prejudice the Defendant by confusing and misleading the jury.

### F. RESTRICTED AREA THAT IS NOT DEFINED SHOULD BE EXCLUDED

The Government should be excluded from making reference to a "restricted area" or "restricted building" unless such area is precisely defined. It would be prejudicial and confusing to the jury to refer to a restricted area under 18 U.S.C. 1752(a) if it is left to the imagination or perhaps misunderstanding of the jury as to what contours of that area actually are. Without a clear definition of where an area is restricted and where it is not restricted would have the almost inevitable result, beyond a danger, of leading the jury to misunderstand that people who were in an unrestricted area where actually in a restricted area instead. Vague, ambiguous, unclear references would be inconsistent with the requirements of Due Process, because they would invite the jury to assume guilt where there is in fact innocence.

### G. A RESTRICTED AREA DEFINED IN THE WRONG PERIODS OF TIME SHOULD BE EXCLUDED

The Government should be excluded from making reference to a "restricted area" unless the relevant time period of when the contours are defined are

specified.  Although simplicity would be desirable, the reality is that events were fluid and chaotic throughout the day of January 6, 2021.  The location of bike racks, similar barricades, and rolling mesh fences with small, flimsy, laminated paper "Restricted Signs" about 10 inches by 14 inches affixed on them (generally with zip ties) changed throughout the day.  Videos show apparently systematic efforts to remove those items and signs, such that no signs remained visible by the time most of the crowds arrived at the U.S. Capitol or its grounds.

    Due Process and proof beyond a reasonable doubt require that the Government prove that an individual Defendant, with particularity, saw or could have / should have seen notice of a restricted area.  The fact that hours earlier, for example, signs were visible, but not at the time a particular Defendant arrived at the location in question, does not provide notice to that Defendant.  The Government should be excluded from referring to a restricted area unless it at the same time can show that at the time the Defendant would have / could have seen notices, that those notices were there and visible to the Defendant. The fact that the images of the Defendants, show them observing and touring the Capitol for ten minutes and leaving does not establish that they knew the building was restricted. Not to mention the fact that they asked an officer to use the bathroom and was the officer that directed them where to go in the Captiol, there would be no reason for them to even think it was restricted at that point. Thus, it would be prejudicial and

confusing to the jury to refer to a restricted area under 18 U.S.C. 1752(a) if an area was restricted at a different time of the day, but not restricted (that is, with no valid notice) at the pertinent time period.

### H. NOTICE OF BRAWLING DOES NOT QUALIFY TO PROVIDE NOTICE OF A RESTRICTED AREA

The Government should be excluded from making argument about, making reference to, presenting on or introducing evidence of any brawling, rioting, violence, or other disturbance at or around the U.S. Capitol or Capitol grounds on January 6, 2021, as allegedly providing notice to the public that any area is restricted. The existence of a disturbance is completely unrelated to whether an area is restricted.  It is not logical or rational to confuse these different issues.  If the prosecutor is at a soccer stadium with 20,000 other fans watching a soccer match, and a few hundred soccer hooligans break out into a brawl, that would alert an observer that there is a brawl.  It would have absolutely no probative value as to whether the soccer stadium was legally closed to the public because some people decided to get in a fight.

Every year, the U.S. Park Police hosts a New Year's Eve fireworks display with musical performances and likewise hosts July 4th celebrations with musical performances both on the "National Mall."  If a few hundred attendees consuming too many adult beverages get into a fight, that does not mean that everyone on the National Mall is now guilty of being in a legally restricted area. Or even if a group

of people started a mosh pit at that same event. Once would not impose those charges on everyone that attended the event just because something happened around them by other people they do not even know. Observing that would give rise to an expectation that those combatants will be arrested, but that the public event will continue despite the interruption.

The existence of misbehavior or even violence by some in an area is legally and logically disconnected entirely from the right of people to be in the area. The Government may not prove knowledge or intent with regard to a restricted area merely by showing that some people in the area were engaged in fighting. An area can be unrestricted legally regardless of whether anyone in that area engages in any fighting. While there would be wisdom in leaving the area, there is no legal duty to do so. Witnessing some people engaging in fights, altercations, violence, brawling, or rioting imposes no obligation whatsoever upon bystanders to depart that area. Therefore, the area does not become restricted because of the misbehavior of other people. Any such reference or discussion would be prejudicial and unduly confusing to the jury. An area becomes restricted only when the Government provides clear, explicit, unambiguous noticed that the normal status of the area has been temporarily changed.

## CONCLUSION

  The Defendants are accused of nothing more than walking into the Capitol during normal business hours in which it is open to the public. Neither the Information, nor the Criminal Complaint, nor the Statement of Facts provide any specific supporting facts regarding the Defendants to prove beyond a reasonable doubt that they should be found guilty of the four counts they are being charged with. It is completely absurd to charge the Defendants with these four counts by their mere presence in a museum-like building for only ten minutes. All of these acts alleged by the Government also occurred after Congress and the members engaged in the proceeding had already been evacuated for the day. Thus, the Government has failed to satisfy their burden of proof and should be excluded from making prejudicial arguments against the Defendants. Accordingly, Defendants (Lesperance, Cusick Jr., and Cusick) request the Court to grant the requested motion in limine due to the interests of fairness and justice.

 Dated:  April 28, 2023

                  Respectfully Submitted,

                           /s/ *John M. Pierce*
                           John M. Pierce
                        John Pierce Law Firm
                       21550 Oxnard Street
                       3rd Floor, PMB #172
                      Woodland Hills, CA 91367
                         Tel: (213) 400-0725
                 Email: jpierce@johnpiercelaw.com

                          *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

 I, John M. Pierce, hereby certify that on this day, April 28, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

            /s/ John M. Pierce
            John M. Pierce