IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>**DAVID JOHN LESPERANCE, CASEY CUSICK, and JAMES VARNELL CUSICK, JR.,**<br><br>           **Defendants.** | Criminal No.:   1:21-cr-575 (JDB) |

## DEFENDANTS RESPONSE AND OPPOSITION TO GOVERNMENTS MOTION IN LIMINE REGARDING CONDUCT OF LAW ENFORCEMENT

David John Lesperance, Casey Cusick, and James Varnell Cusick, Jr. ("Defendants"), through undersigned counsel, John M. Pierce, presents this response and opposition to the United States motion in limine to preclude defendants from "(1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; and (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendants specifically observed or were otherwise aware of such conduct at the time he committed the offenses charged in the Information."

Once again, as in so many January 6 cases, the Justice Department is seeking to rig a trial and conceal from the jury all evidence of defendants' innocence.  The charging document in this case accuses the defendants of being in unauthorized, restricted areas.  Defendants have a right to

show the jury the true setting and circumstances, which illustrate that areas visited by defendants on Jan. 6 were not staffed, posted, cordoned, barricaded or announced as restricted. Moreover, officer acquiescence to protestor presence is a valid defense.

Specifically, the defendants have a right to introduce evidence and testimony, argue, and ask questions about:

1. All the facts and circumstances of the setting and situation(s) the defendants found themselves in, as well as assessments of the circumstances leading up to January 6.
2. Present sense impressions, exclamations, excited utterances, and emotions communicated to the defendants.
3. Signage, or lack of signage.
4. Flyers, posters, announcements and speeches, to the extent that such messaging impacted the events.
5. Defendants' knowledge and expectations regarding similar situations, prior protests, and prior demonstrations and marches, to the extent that this evidence informed the defendants on January 6.
6. Police presence, or lack of presence, and staffing levels generally.
7. Police communications, or lack of communications.
8. Police gestures, facial expressions and conduct throughout the period.
9. The basis for any restrictions, the process behind restrictions, and whether any restrictions were properly imposed.
10. Any barriers, or lack of barriers, and when such barriers were placed, moved or removed.
11. Who can impose restrictions, or lift restrictions, and who did so or didn't do so.

**The Constitutional Right to Present a Defense**

The Constitution guarantees a criminal defendant a meaningful opportunity to call witnesses in order to present a complete defense. *See, e.g., Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' ") (citation omitted); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."). The right is grounded in the Sixth Amendment's Compulsory Process Clause and is a

component of the due process of law required by the Fifth Amendment. *Heath v. United States*, 26 A.3d 266, 275 (D.C. Appeals 2011).

A defendant's Sixth Amendment right had been violated when a trial court refuses to let him cross-examine the witnesses who testified against him at his trial. *Brookhart v. Janis* 384 U.S. 1 (1966). In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), the Supreme Court held that in order to fulfill the procedural due process inherent in the Confrontation Clause, a criminal defendant must have the opportunity to cross-examine testimony that has been made against him. In an analogy the *Melendez-Diaz* Court made, "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes."

The question of law enforcement conduct and behavior on January 6 is a central issue in the case. It says a great deal about the prosecution that the government is seeking to conceal this material, relevant evidence.

In this case the defendants were in many ways typical of participants in January 6 demonstrations for fair elections. They arrived at the Capitol after many barriers and/or signs were removed under circumstances where a reasonable person might assume there had been previous negotiations, stipulations, and/or agreements among stakeholders that protestors could legally enter the Capitol and/or grounds. The evidence of police acquiescence is entirely relevant and material to the defendants' defense. See *Richmond v. Embry*, 122 F.3d 866, 872 n. 5 (10th Cir.1997) ("[T]he Supreme Court has dictated a 'materiality,' or outcome-driven test," which focuses on whether admitting the evidence would have "create[d] reasonable doubt that did not exist without the evidence.") (citing *United States v. Valenzuela–Bernal*, 458 U.S. 858, 868 (1982)). Taylor v. Illinois, 484 U.S. 400, 408 (1988). "In a close case, 'additional evidence

of relatively minor importance might be sufficient to create a reasonable doubt' " and hence satisfy its test of materiality. *Jones v. Stinson*, 229 F.3d 112, 120 (2d Cir.2000) (citations omitted).

Here the very evidence that the government seeks to preclude constitutes the evidence that will likely establish a reasonable doubt regarding defendants' guilt.  Defendants entered the Capitol Grounds and/or the Capitol under circumstances where—to say the least—the legality of doing so would have been an open question for any reasonable person.  Thus, "(1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendants specifically observed or were otherwise aware of such conduct at the time he committed the offenses charged in the Information" must be allowed.

CONCLUSION

For these reasons, the Court should DENY the government's motion in limine.

Dated: May 5th, 2023

Respectfully Submitted,
*/s/ John M. Pierce*
John M. Pierce
John Pierce Law Firm
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725

Email: jpierce@johnpiercelaw.com

Attorney for Defendants

CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, May 6, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ John M. Pierce*

John M. Pierce