**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-575 (JDB)** |
| | : | |
| **DAVID JOHN LESPERANCE, CASEY** | : | |
| **CUSICK, and JAMES VARNELL** | : | |
| **CUSICK, JR.,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANTS'
## MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENTS

Defendants David John Lesperance, Casey Cusick, and James Varnell Cusick, who are charged by Information with committing four offenses at the U.S. Capitol on January 6, 2021, move *in limine* to preclude the government from introducing various trial "arguments, evidence, or claims," which the defendants contend would be prejudicial and not probative.  *See* ECF No. 60 at 1, 3, 8-16.  The defendants' claims regarding supposed "conjecture," "speculation," and "guilt by association," *id.* at 8-11, in the government's potential presentation at trial are premature, meritless, and apparently premised on the same challenge to the sufficiency of the Information that this Court has already rejected (ECF No. at 57 at 11-13).  And their claims that the government should be limited in the means and manner of its evidence of the restricted perimeter at the Capitol on January 6, 2021, and in proving the defendants' knowing entrance and presence within that perimeter, (ECF No. 60 at 11-16), are without merit.  The defendants' motion should be denied.

## BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election.  The Capitol's exterior grounds were closed to the public and surrounded by

law enforcement officers, barricades, and signage.  While the certification process was proceeding, a large crowd gathered outside the United States Capitol and entered the restricted grounds.  Law enforcement struggled to maintain control of the growing crowd, as individuals forced their way through, up, and over barricades and advanced to the Capitol's exterior.  Officers then attempted to stop the crowd from entering the Capitol building.  Around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol building, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.  At 2:20 p.m., members of Congress and the Vice President evacuated the House and Senate chambers.  The joint session remained suspended until 8:00 p.m.  In the intervening period, scores of individuals entered the building without authority.

For their part, the defendants traveled from Florida to Washington, D.C. on January 5, 2021, and attended former President Trump's speech at the Ellipse on January 6.  The defendants then went to the U.S. Capitol.  As they approached the Capitol building, the defendants walked by unmistakable signs that they were not allowed to be within that restricted area, including, but not limited to, officers carrying shields and batons and at least one officer deploying a "flashbang" device.  Shortly after 3 pm, the defendants entered the Capitol building through the Senate Wing Door, which had previously been breached by other rioters.  By then, two windows adjacent to the Senate Wing Door had been smashed by other rioters.  The defendants nonetheless proceeded to enter the Capitol building, joining a large mob of rioters in that area.  The defendants then spent several minutes roaming the halls of the Capitol building, where the Joint Session was supposed to convene to certify the Electoral College vote.  The defendants exited the Capitol building several minutes later.  U.S. Capitol video surveillance confirmed that the defendants entered the U.S. Capitol building in the afternoon of January 6.  They returned to Florida two days later, on January

8, 2021.

Based on their actions on January 6, 2021, the defendants are charged with four offenses: (1) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1) (Count One); (2) Knowingly Engaging in Disorderly or Disruptive Conduct in any Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Two); (3) Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Three); and (4) Parading, Demonstrating, or Picketing in any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Four).  ECF No. 1.

## LEGAL STANDARDS

Motions *in limine* serve the limited purpose of narrowing evidentiary issues for trial and eliminating unnecessary trial interruptions.  *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011); *see also United States v. ex rel. El-Amin v. George Wash. Univ.,* 533 F. Supp. 2d 12, 19 (D.D.C. 2008) ("A key purpose of motions *in limine* is to resolve specific evidentiary issues in advance of trial").  "In short, motions *in limine* are a means for arguing why 'evidence should or should not, *for evidentiary reasons,* be introduced at trial.'"  *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)).

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *Id.*  Rule 402 declares "[r]elevant evidence" generally "admissible," unless otherwise provided by law.  *Id.*  And Rule 403 provides that a court "may exclude" otherwise "relevant evidence" if its probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence." *Id.*; *see also United States v. Rogers*, 918 F.2d 207, 209 (D.C. Cir. 1990) ("As their language makes clear, rules 401, 402, and 403 set out the general principle that evidence should be admitted if relevant, but relevant evidence may be excluded if unfairly prejudicial." (citing *Huddleston v. United States*, 485 U.S. 681, 687 (1988)). Evidence is not "unfairly prejudicial" merely because it may reflect poorly on the defendant, is damaging to the defense, or implicates the defendant in criminal activity, charged or uncharged. "Unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party.   Virtually all evidence is prejudicial or it isn't material.   The prejudice must be unfair." *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002); *see also United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Rule 403 "does not bar powerful, or even 'prejudicial' evidence.   Instead, the Rule focuses on the 'danger of *unfair* prejudice.'") (emphasis in original).

## **ARGUMENT**

At trial, the government expects to prove its case primarily through video and photographic evidence of the defendants' actions on January 6, 2021, evidence of their communications and statements before and after that day, and contextual testimony and exhibits of the events that took place at the Capitol in connection with the riot that the defendants joined.  Such evidence is clearly relevant to establishing the defendants' conduct and intent on January 6.  And the defendants have failed to identify a single piece of evidence whose probative value is substantially outweighed by the danger of *undue* prejudice.  The defendants have therefore failed to show that any of the evidence and arguments they challenge should be barred at trial.

A.      The defendants' pretrial objections to "imagined" conjecture, speculation, and guilt by association should be overruled.

Defendants contend that, because the government purportedly "has alleged no facts of [the] crime[s]" charged in the Information (ECF No. 60 at 8-9), it will improperly resort to "conjecture," "speculation," and "guilt by association."  *Id.* at 8-11.  To the extent the defendants suggest that the evidence and arguments that the government may use at trial should be limited because the Information mirrors the statutory language of the crimes charged, their motion fails for the same reasons that already doomed their motion to dismiss (ECF No. 47): as this Court has explained, the Information properly tracked the statutory language of the offenses charged (ECF No. 57 at 13), and nothing in the Information's adherence to that text limits the evidence that the government may offer in support of those allegations.  Furthermore, because the defendants have failed to identify any specific evidence they deem objectionable—attacking, instead, what they "imagine[]" (ECF No. 60 at 9) about the government's potential case at trial—the defendants have failed to show any ground for relief.

As the Court has previously explained (ECF No. 57 at 13), the Information employs language that mirrors the text of the relevant statutory provisions and, when required as an element of the offenses, alleges that the defendants' conduct occurred on the United States Capitol Grounds or in a Capitol Building.  *Id.*  Accordingly, those allegations are legally sufficient.  *Id.*  Contrary to the defendants' unfounded suspicions, the government's evidence at trial and closing argument will be directed at establishing the defendants' guilt of each of the elements of the four crimes of which they are accused.  The evidence will be based on the defendants' actions and words, including images and videos of their conduct on January 6, 2021.  Context for the defendants' actions, and for the riot in which they are accused of participating, will be provided through the testimony of law enforcement officers, including anticipated witnesses from the U.S. Capitol

Police, Metropolitan Police Department, U.S. Secret Service, and/or Federal Bureau of Investigation.  Certain witnesses will have first-hand knowledge of the riot that took place at the Capitol Building and surrounding grounds on January 6; others will authenticate evidence of the defendants' role in the riot at the Capitol and of the session of Congress that are elements of the government's case-in-chief.

Moreover, overview exhibits and testimony—already used at dozens of other January 6 trials—will be presented for context and to help demonstrate that the defendants' conduct occurred within restricted grounds (Counts One and Two), in a Capitol Building (Counts Three and Four), and with intent to impede or disrupt government business and Congress (Counts Two and Three). Any objections regarding what the defendant currently "imagine[]" about the government's case at trial can be raised and dealt with at trial, when the Court's decision "'can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole.'"  *Barnes*, 924 F. Supp. 2d at 79 (quoting *Casares v. Bernal*, 790 F. Supp. 2d 769, 775 (N.D. Ill. 2011)).

To the extent the defendants seek to bar evidence and closing argument regarding their knowledge or intent on January 6, 2021, their request is especially meritless.  The defendants' intent—which the government anticipates establishing through evidence that includes the defendants' own conduct, along with the surrounding events and what the defendants witnessed at the Capitol on January 6—is a required element of several of the offenses charged in the Information.  For example, 18 U.S.C. § 1752(a)(2) requires proof of the defendant's "intent to impede or disrupt the orderly conduct of Government business or official functions."   Similarly, 40 U.S.C. § 5104(e)(2)(D) requires proof of the defendant's "intent to impede, disrupt, or disturb

the orderly conduct of a session of Congress."  The defendants' attempt to limit the government's

ability to establish their intent on January 6 should therefore be rejected.

In a similar vein, evidence of the events and conduct of others surrounding the defendants

is not, as the defendants now suggest (ECF No. 60 at 11), an improper attempt to prove "guilt by

association."  *Id.*  To the contrary, such evidence is directly probative of necessary elements of the

offenses charged in this case.  As noted, Counts Two and Three charge the defendants with

committing disorderly and disruptive conduct (in violation of 18 U.S.C. § 1752(a)(2), and 40

U.S.C. § 5104(e)(2)(D), respectively), and those offenses require proof that the defendants acted

with the intent to impede or disrupt government business (Count Two), and with the intent to

impede, disrupt, or disturb an orderly session of Congress (Count Three).  *Id.*  Count Two also

carries the additional requirement that the conduct "*in fact*, impede[d] or disrupt[ed] the orderly

conduct of Government business or official functions."  18 U.S.C. § 1752(a)(2) (emphasis added).

Furthermore, as can be seen from the jury instructions used in other January 6 cases, disorderly

conduct includes conduct that is "unreasonably loud and disruptive under the circumstances."  *E.g.*,

*United States v. Matthew Bledsoe*, No. 1:21-cr-204 (BAH), ECF No. 215 at 9 (D.D.C. July 21,

2022).  In other words, context matters to the charges at issue in this case.

Accordingly, to prove these elements, the government expects to present testimony and

evidence that the defendants knowingly joined a mob that was not authorized to enter the Capitol

grounds and building; that no member of the mob submitted to security checks; that the Capitol

Police assessed every member of the mob to be an active threat; that, given a variety of factors

including the size of the crowd and the existence of multiple breach points, Congress was forced

to recess; and that Congress could not resume its business until the entire mob was cleared.  In

other words, the nature of the crimes with which the defendants are charged requires proof of

collective action.  It was the mob's collective action—*i.e.*, the actions of the defendants alongside the actions of their fellow rioters—that disrupted Congress.  Judge Kollar-Kotelly explained the same point in another January 6 case:

> The following metaphor is helpful in expressing what the statute [18 U.S.C. §1752(a)(2)] *does* require.  Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field.  The same idea applies in these circumstances.  Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption.  Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that [defendant] in fact impeded or disrupted the orderly conduct of Government business and official functions.

*United States v. Jesus D. Rivera*, Case No. 1:21-cr-60 (CKK), ECF No. 62 at 13.  This characterization misstates nothing and is fair argument for the jury.

>    B.    *The defendants' attempts to exclude evidence regarding the Restricted Area and their knowledge should be denied.*

The Court should likewise overrule the defendants' attempt to control or restrict the Government's presentation of evidence about their unlawful presence on restricted grounds under 18 U.S.C. § 1752, as alleged in Counts One and Two.

To begin with, there is no basis for the defendants' attempt to dictate the manner of the government's presentation of the evidence relating to the defendants' violations of 18 U.S.C. § 1752.  The government is aware of no precedent supporting the defendants' request (ECF No. 60 at 11-13) that the government be required to describe the law governing a particular allegation or charge as a prerequisite to introducing evidence related to that allegation or charge.  This is especially true where, as here, the defendants seemingly seek to compel the government to make <u>mis</u>statements about the governing law as a prerequisite to introducing its evidence.  *See* ECF No. 60 at 12 (requesting that government be required to inform the jury, incorrectly, that "any notice

provided to the public of a temporary restriction must be especially clear and explicit to make the public understand that the status quo has changed"). As in every case before a jury, the Court will prepare instructions of law that will guide the jury's analysis of the evidence in the case and, eventually, its determination whether the government has established the defendants' guilt of each offense beyond a reasonable doubt. At that time, and not compelled as part of the government's case-in-chief, the jury will be informed of the proper definition of "restricted area," the elements of each offense, and the scienter required to convict the defendants under Section 1752.[1]

As relevant here, a "restricted building or grounds" under Section 1752 refers to "any posted, cordoned off, or otherwise restricted area … of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). To meet its burden of proof at trial, the Government anticipates introducing evidence, through witnesses from the Secret Service and Capitol Police, that at the time of the Capitol breach on January 6, 2021, Secret Service agents were on duty to protect then-Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol. These witnesses will further testify about the restricted area in place around the Capitol on January 6, 2021, at the time of then-Vice President Pence's visit. The testimony and exhibits will describe and show the restricted area, along with the barricades, signs and officers demarcating the restricted boundary. No basis exists to preclude the use of this evidence, which has been presented and admitted at every previous January 6 trial alleging violations of Section 1752.

---

[1]     The Court may, of course, give limiting and other instructions to the jury during trial, if appropriate. But the defendants have not shown that any such instructions are warranted in this case. Indeed, the defendants' motion does not appear to request any such instructions. The defendants contend, instead, that *the government* should "make[] clear that the U.S. Capitol and Capitol Grounds are normally *not* restricted." ECF No. 60 at 12. As explained in the text, that request is meritless.

9

## **CONCLUSION**

For the foregoing reasons, the defendants' motion *in limine* should be denied.

May 12, 2023                    Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Francesco Valentini*
Francesco Valentini
D.C. Bar No. 986769
Trial Attorney
United States Department of Justice, Criminal Division
Detailed to the D.C. United States Attorney's Office
601 D Street NW
Washington, D.C.  20530
(202) 598-2337
francesco.valentini@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:21-cr-575 (JDB)** |
| | **:** | |
| **DAVID JOHN LESPERANCE, CASEY** | **:** | |
| **CUSICK, and JAMES VARNELL** | **:** | |
| **CUSICK, JR.,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**ORDER**

Upon consideration of the defendants' motion *in limine* (ECF No. 60), it is hereby

ORDERED that the motion is DENIED.

Dated this _____ day of March 2023.

_____

JOHN D. BATES
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
