## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DAVID JOHN LESPERANCE, CASEY CUSICK, and JAMES VARNELL CUSICK, JR.,**<br><br>    **Defendants.** | **Criminal Action No. 21-575 (JDB)** |

## <u>ORDER</u>

Before the Court is a motion to admit Roger Roots <u>pro hac vice</u>, which was filed on June 13, 2023.  Mot. for Admission <u>Pro Hac Vice</u> of Roger Roots [ECF No. 69] ("Mot.").  For the reasons that follow, the Court will deny the motion.

Under Local Criminal Rule 44.1(c)(1), "[a]n attorney who is a member in good standing of the bar of any United States court or of the highest court of any state may, upon written motion, request to appear <u>pro hac vice</u> and participate as counsel in a particular case."  The local rules provide numerous requirements for admission <u>pro hac vice</u>:

> Any attorney seeking to appear <u>pro hac vice</u> must file a motion signed by a sponsoring member of the Bar of this Court, accompanied by a declaration by the non-member that sets forth: (1) the full name of the attorney; (2) the attorney's office address and telephone number; (3) a list of all bars to which the attorney has been admitted; (4) a certification that the attorney either has or has not been disciplined by any bar, and if the attorney has been disciplined by any bar, the circumstances and details of the discipline; (5) the number of times the attorney has been admitted <u>pro hac vice</u> in this Court within the last two years; and (6) whether the attorney, if the attorney engages in the practice of law from any office located in the District of Columbia, is a member of the District of Columbia Bar or has an application for membership pending.  The motion must be accompanied by a certificate of the court or bar for the state in which the applicant regularly practices, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court.  Each motion must be accompanied by a payment of $100.

1

LCrR 44.1(c)(2).  "It is well settled that permission to a nonresident attorney, who has not been admitted to practice in a court, to appear pro hac vice in a case there pending is not a right but a privilege, the granting of which is a matter of grace resting in the sound discretion of the presiding judge."  In re Belli, 371 F. Supp. 111, 112 (D.D.C. 1974); see Steinbuch v. Cutler, 463 F. Supp. 2d 4, 7 (D.D.C. 2006); cf. In re Bundy, 840 F.3d 1034, 1041 (9th Cir. 2016) ("[W]e normally review a denial of a motion to appear pro hac vice for abuse of discretion . . . ." (internal quotation marks omitted)).

Roots has met some of the requirements of Rule 44.1(c).  The motion was signed and sponsored by John Pierce, who is a member of the Bar of this Court.  See Mot.  Roots's accompanying declaration sets forth his full name, his office address and (in his signature block) his telephone number, a state bar to which he has been admitted,[1] and a certification that he has not been disciplined by any court.  See Decl. of Roger Roots [ECF No. 69-1] ("Roots Decl.").  His motion was accompanied by a payment of $100.

However, Roots's application has several deficiencies.  First, "[t]he motion must be accompanied by a certificate of the court or bar for the state in which the applicant regularly practices, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court."  LCrR 44.1(c)(2).  Roots appended a certificate from the Supreme Court of Rhode Island stating that he is a member of the Rhode Island bar in good standing, but that certification was dated May 9, 2023, see Certificate of Good Standing [ECF No. 69-3]—more than 30 days before his motion was filed on June 13, 2023.  For this reason alone, the Court must deny his application.

---

[1] The affidavit does not indicate whether this sole bar is an exclusive "list of all bars to which the attorney has been admitted," LCrR 44.1(c)(2) (emphasis added), and the Court suggests that Roots clarify the number of bars to which he belongs, should he chose to reapply for admission pro hac vice.

Roots's failure to meet this requirement is unsurprising given his history.  Upon the Court's brief independent review, it appears that Roots's pro hac vice applications to the U.S. District Court for the District of Columbia have been denied over a half dozen times in the past few months for outdated certificates of good standing or outright failure to include any such certificate.  See Oct. 17, 2022 Not. of Error, United States v. Cruz, Crim. A. No. 22-64 (RBW) (Roots's pro hac vice motion was not accompanied by certificate of good standing issued within the last 30 days); Dec. 27, 2022 Min. Order, United States v. Nordean, Crim. A. No. 21-175 (TJK) (denying motion inter alia for failure to include certificate); Jan. 6, 2023 Not. of Error, United States v. Alberts, Crim. A. No. 21-26 (CRC) (motion not accompanied by certificate issued within the last 30 days); Mar. 22, 2023 Min. Order, Alberts, Crim. A. No. 21-26 (striking Roots's certificate of good standing because it was not issued within 30 days of motion being filed); May 8, 2023 Min. Order, United States v. Thomas, Crim. A. No. 21-552 (DLF) (denying Roots's pro hac vice motion because certificate was not issued within the last 30 days); May 29, 2023 Not. of Error, United States v. Rumson, Crim. A. No. 23-70 (CJN) (motion not accompanied by certificate issued within the last 30 days); June 4, 2023 Not. of Error, United States v. Eckerman, Crim. A. No. 21-623 (CRC) (motion not accompanied by certificate issued within the last 30 days).  Although Roots's declaration states that he is "familiar with the Local Rules of this Court," Roots Decl. ¶ 6, his repeated failure to follow those rules belies his assertion.  Roots was clearly on heightened notice of the 30-day requirement when he failed to file an adequate certificate with his motion to this Court.

Second, the motion must state "the number of times the attorney has been admitted pro hac vice in this Court within the last two years."  LCrR 44.1(c)(2).  On its face, Roots's motion fails to meet this requirement, as he only states that he has "applied for admission pro hac vice in this

Court three times" in the past two years, Roots Decl. ¶ 5 (emphasis added), but he does not indicate how many times he has been admitted.  More concerningly, Roots's assertion—which he insisted was true "under penalty of perjury," id. at 1—is patently false.  Prior to the instant motion, Roots applied for admission pro hac vice in at least seven different cases in this District in the last few months alone, sometimes applying more than once in a single case due to errors and omissions.[2] The Court finds Roots's lack of candor concerning, to say the least.

The Court is further concerned by Roots's failure to disclose serious allegations of misconduct related to his efforts to be admitted to the Bar of this Court, despite having presented those allegations to another court in this District a mere month ago.  In United States v. Thomas, Crim. A. No. 21-552 (DLF), Pierce filed a motion seeking the admission of Roots pro hac vice on May 8, 2023.  See Pro Hac Vice Mot., Thomas, Crim. A. No. 21-552 (DLF), ECF No. 100-1. After that motion was denied due to Roots's failure to include a certificate of good standing that had been issued within the past 30 days, see May 8, 2023 Min. Order, Thomas, Crim. A. No. 21-552 (DLF), Pierce filed a second motion seeking Roots's admission, see Second Pro Hac Vice Mot., Thomas, Crim. A. No. 21-552 (DLF), ECF No. 112.  In declarations attached to this motion, Roots, Pierce, and Emily Lambert, another employee of their firm, described a "complaint" against Roots.  See Decl. of Roger I. Roots, Thomas, Crim. A. No. 21-552 (DLF), ECF No. 112-4 ("Roots Thomas Decl."); Decl. of John M. Pierce, Thomas, Crim. A. No. 21-552 (DLF), ECF No. 112-5 ("Pierce Thomas Decl."); Decl. of Emily Lambert, Thomas, Crim. A. No. 21-552 (DLF), ECF No.

---

[2] See Pro Hac Vice Mot., Cruz, Crim. A. No. 22-64 (RBW), ECF No. 52; Pro Hac Vice Mot., Nordean, Crim. A. No. 21-175 (TJK), ECF No. 602 (motion does not appear on the public docket because it is under seal, according to the Court's Dec. 27, 2022 minute order); Second Pro Hac Vice Mot., Nordean, Crim. A. No. 21-175 (TJK), ECF No. 605 (motion does not appear on the public docket because it is under seal, according to the Court's January 3, 2023 minute order); Pro Hac Vice Mot., Alberts, Crim. A. No. 21-26 (CRC), ECF No. 91; Pro Hac Vice Mot., Thomas, Crim. A. No. 21-552 (DLF), ECF No. 100-1; Second Pro Hac Vice Mot., Thomas, Crim. A. No. 21-552 (DLF), ECF No. 112; Pro Hac Vice Mot., Rumson, Crim. A. No. 23-70 (CJN), ECF No. 18; Pro Hac Vice Mot., Eckerman, Crim. A. No. 21-623 (CRC), ECF No. 134; Second Pro Hac Vice Mot., Eckerman, Crim. A. No. 21-623 (CRC), ECF No. 136; Pro Hac Vice Motion, U.S. v. Barron, Crim. A. No. 22-89 (ZMF), ECF No. 36.

112-6 ("Lambert <u>Thomas</u> Decl.").[3]  Although the declarations do not explain the origin of the "complaint," they explain that "Mr. Roots is accused of submitting a 'fraudulent' 'Certificate of Good Standing' when applying for admission to the United States District Court for the District of Columbia"—specifically, he is accused of submitting a certificate with "the date of the certificate . . . altered."  Pierce <u>Thomas</u> Decl. ¶ 9; <u>see</u> Roots <u>Thomas</u> Decl. ¶¶ 2–3 (describing a "complaint" that he "filed [a] 'fraudulent Certificate of Good Standing'" when "seek[ing] admission to the DC Federal bar in 2022").  And the declarations admit that a certificate that had been fraudulently modified to reflect an inaccurate date was in fact filed in support of Roots's application.  <u>See</u> Lambert <u>Thomas</u> Decl. at 1 (describing how the submitted certificate of good standing had been modified to "change[] the date"); Pierce <u>Thomas</u> Decl. at 10 (admitting that the certificate was "alter[ed]" but stating that it "was done by a paralegal").  Each declaration sought to assure the <u>Thomas</u> court that Roots had no knowledge of the fraudulent nature of the certificate, but Roots "t[ook] full responsibility for . . . improperly supervising any staff responsible" for "photoshopp[ing] the date on the document."  Roots <u>Thomas</u> Decl. ¶ 6.[4]  His motion for admission <u>pro hac vice</u> was ultimately granted.  May 12, 2023 Min. Order, <u>Thomas</u>, Crim. A. No. 21-552 (DLF).

To use a colloquialism, the Court's concern is not just the crime—although the Court does take these allegations very seriously—but the cover up.  In his declaration to this Court, Roots averred that he has "never been disciplined by any court, and no disciplinary proceedings are

---

[3] Although certain affidavits attached to the first <u>Thomas</u> motion were filed under seal, each of these declarations and all other attachments to the second <u>Thomas</u> motion appear on the public docket.

[4] One exhibit to Lambert's declaration shows that she responded to the paralegal's admission of forging the dates with, "Shit.  Don't ever want to take chances with Roger's stuff.  He has issues of his own[.]"  Lambert <u>Thomas</u> Decl. Ex. 3, <u>Thomas</u>, Crim. A. No. 21-552 (DLF), ECF No. 112-9.  It is not clear what these ominous "issues" are that would require heightened attention to the filing of an attorney's bar admission documents, but if they refer to other undisclosed disciplinary actions, that would raise substantial additional concerns.

pending against [him]."  Roots Decl. ¶ 4.  The <u>Thomas</u> filings seem to suggest that the "complaint" was ongoing as of a month before seeking admission in <u>Lesperance</u>.  <u>See, e.g.</u>, Pierce <u>Thomas</u> Decl. ¶ 9 ("Mr. Roots <u>is accused</u> of submitting a 'fraudulent' 'Certificate of Good Standing . . . .'" (emphasis added)).  It is not clear from the <u>Thomas</u> filings whether the "complaint" pertains to some formal disciplinary proceeding, but it is certainly plausible that the filing of a fraudulent certificate as part of an application for admission to this Court's bar could result in such an investigation.  If there is a formal disciplinary proceeding pending against Roots, then his failure to disclose it in his motion is a serious—and apparently deliberate—misrepresentation to this Court.  If the "complaint" referenced was some kind of informal complaint, it may be that Roots's representations to this Court were technically true; nevertheless, Roots felt compelled to disclose this complaint to a different judge yet failed to so here.  An attorney's duty of candor to the court requires more than carefully phrasing statements to render them technically truthful.  <u>See La Michoacana Nat., LLC v. Maestre</u>, 611 F. Supp. 3d 87, 94 (W.D.N.C. 2020) ("[T]hat [an attorney's] duty is referred to as one of candor rather than truthfulness is not for naught—one can be truthful without being candid."); <u>Dillon v. BMO Harris Bank, N.A.</u>, No. 1:13-cv-897, 2016 WL 5679190, at *14 (M.D.N.C. Sept. 30, 2016), <u>aff'd</u>, 891 F.3d 508 (4th Cir. 2018) ("Factual statements by counsel that are so carefully worded as to be both technically accurate and misleading by omission are of particular concern, as they reflect an intent to lead the Court down the garden path.  Courts rely on the candor of counsel and should not have to parse an attorney's language and representations for loopholes, half-stated exceptions, or 'truthiness.'").  The Court is seriously concerned that it had to stumble upon this misconduct while investigating a separate (albeit comparatively less serious) misrepresentation made by Roots in his pending <u>pro hac vice</u> motion.

Roots's apparent lack of candor to the Court may be sufficient to warrant denying this motion for admission pro hac vice with prejudice.  Cf. United States v. Howell, 936 F. Supp. 767, 774 (D. Kan. 1996) (revoking pro hac vice admission and noting that the "motion to admit [attorney] pro hac vice would have been denied at the outset," if not for the attorney's "materially misleading" "omissions and misstatements in his affidavit"); La Michoacana Nat., LLC, 611 F. Supp. 3d at 98 (revoking attorney's pro hac vice admission "due to his violations of his duty of candor").

The motion poses another entirely distinct issue: Roots's joint representation of the three defendants in this case could raise extensive conflicts concerns.  It took over a year from the filing of the Information in this case on September 13, 2021, see Information [ECF No. 1], to identify the possible conflicts posed by Pierce's joint representation and obtain voluntary, knowing, and intelligent waivers of each co-defendant's right to conflict-free counsel with regard to Pierce, see Nov. 21, 2022 Order [ECF No. 42] ("Conflicts Order").  The process required numerous hearings, the appointment of four independent conflicts counsel, several reports from those counsel, and extensive colloquies with each defendant.  See id. at 2–4.  Ultimately, the Court accepted defendants' waivers and ordered that "defendants may continue to be represented by John M. Pierce in this case."  Id. at 7.

Although the Court—with the help of conflicts counsel—has already done much of the work necessary to identify the general risks posed by joint representation in this case, it has not obtained waivers from defendants with regard to joint representation by anyone other than Pierce. The defendants have not adequately waived their right to conflict-free counsel with regard to Roots, and the Court would likely need to seek the further advice of conflicts counsel to determine

whether additional procedures—including the reappointment of individual conflict counsel and additional colloquies—are needed to ensure valid waivers.

The Court is even more hesitant to allow Roots's admission pro hac vice—and thereby unnecessarily re-introduce conflicts issues—given the late hour.  Roots could have sought admission at any point during the course of this matter, and Pierce was sponsoring Roots's applications for admission pro hac vice in other January 6 cases as far back as October 2022.  See Pro Hac Vice Mot., Cruz, Crim. A. No. 22-64 (RBW), ECF No. 52.  Counsel has offered no explanation for waiting until less than one month before trial to file this motion.  The Court has already reluctantly granted Pierce's first request to continue trial just over a month before it was scheduled to begin.  See Defs.' Unopposed Mot. to Continue [ECF No. 63]; May 4, 2023 Min. Entry.  The Court has been very clear that it is not inclined to allow any further continuances, and it certainly will not delay the start of trial in order to allow the resolution of this eleventh-hour, seemingly uncandid motion for admission of second-chair counsel.  Defense counsel was recently admonished by another judge in this District when he sought a continuance based, in part, on a late effort to admit Roots pro hac vice, and that judge explained that

> This case was charged over two years ago, one trial date has already been vacated at the defense's request, and the present date was set over six months ago.  Lead defense counsel, who confirmed his availability for trial before the present date was set, has had more than ample time to prepare for trial.  The involvement in a different case of a second defense attorney, who only recently attempted to appear in this case and who has not as yet met the requirements to appear pro hac vice, is not a ground for continuance.

Jan. 19, Min. Order, Alberts, Crim. A. No. 21-26 (CRC).  As far as January 6 cases go, this prosecution—which only charges misdemeanors—is not particularly complex, and Pierce has assured the Court that he will be prepared to represent his clients on July 10, 2023.[5]

---

[5] If Pierce feels he needs Roots's assistance at trial, Root may be able serve in a paralegal capacity for the defense without entering an appearance as counsel.

Accordingly, the Court will deny the motion to admit Roots <u>pro hac vice</u> because he failed to include a certificate of good standing issued within 30 days of the motion's filing, and he did not inform the court of the number of times he has been admitted <u>pro hac vice</u> in this Court within the last two years.  For now, the Court will deny the motion without prejudice, and will allow Pierce one opportunity to file a renewed motion to admit Roots <u>pro hac vice</u> if he so chooses; however, the Court is skeptical that it would grant such a motion given the apparent lack of candor to the Court.  Any renewed motion must: (1) remedy the errors identified herein; (2) show cause for why the original motion misrepresented the number of attempts Roots has made to appear <u>pro hac vice</u> in this District and failed to disclose the "complaint" that Roots disclosed to the <u>Thomas</u> Court one month ago; (3) include separate written waivers from each defendant indicating their waiver of conflict-free representation by Roots; and (4) be filed by not later than June 23, 2023.

\*　　　\*　　　\*

For the foregoing reasons, upon consideration of [69] defendants' motion to admit Roger Roots <u>pro hac vice</u>, and the entire record herein, it is hereby

**ORDERED** that [69] the motion is **DENIED** without prejudice; and it is further

**ORDERED** that defense counsel may file a renewed motion to admit Roots <u>pro hac vice</u> if he so chooses, provided that it meets the requirements noted herein and is filed by not later than June 23, 2023.

**SO ORDERED.**

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: <u>June 19, 2023</u>

9