**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                             )
UNITED STATES OF AMERICA      )
                             )
      v.                      )     No. 1:21-cr-575 (JDB)
DAVID JOHN LESPERANCE,     )
CASEY CUSICK, AND          )
JAMES VARNELL CUSICK, JR.,    )
Defendants.                )

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

FUNCTION OF THE COURT ........................................................................... 4

FUNCTION OF THE JURY ............................................................................ 5

FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS ................................. 6

JURY'S RECOLLECTION CONTROLS ............................................................... 7

EVIDENCE IN THE CASE .............................................................................. 8

DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................................................... 9

NUMBER OF WITNESSES ............................................................................. 10

INDICTMENT NOT EVIDENCE ....................................................................... 11

STATEMENTS OF COUNSEL ......................................................................... 12

INADMISSIBLE AND STRICKEN EVIDENCE ....................................................... 13

REDACTED DOCUMENTS AND TAPES ............................................................. 14

BURDEN OF PROOF ................................................................................... 15

REASONABLE DOUBT ................................................................................. 16

CREDIBILITY OF WITNESSES ....................................................................... 17

POLICE OR LAW ENFORCEMENT OFFICER'S TESTIMONY ..................................... 19

RIGHT OF DEFENDANT NOT TO TESTIFY ........................................................ 20

DEFENDANT AS WITNESS ........................................................................... 21

NATURE OF CHARGES NOT TO BE CONSIDERED ............................................... 22

MULTIPLE DEFENDANTS – MULTIPLE COUNTS ................................................ 23

COUNT ONE AND TWO - CIVIL DISORDER .................... **Error! Bookmark not defined.**

   ELEMENTS ................................................. **Error! Bookmark not defined.**

ATTEMPT ................................................. **Error! Bookmark not defined.**

COUNT THREE – CORRUPTLY OBSTRUCTING OR CORRUPTLY ATTEMPTING TO OBSTRUCT AN OFFICIAL PROCEEDING OR AIDING AND ABETTING .............. **Error! Bookmark not defined.**

ELEMENTS ...........................................................**Error! Bookmark not defined.**

ATTEMPT...............................................................**Error! Bookmark not defined.**

AIDING AND ABETTING ....................................**Error! Bookmark not defined.**

COUNT FOUR AND FIVE – ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS ..............................................................**Error! Bookmark not defined.**

ELEMENTS ...........................................................**Error! Bookmark not defined.**

COUNT SIX - ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS USING A DEADLY OR DANGEROUS WEAPON AND ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS ...........................................**Error! Bookmark not defined.**

ELEMENTS ...........................................................**Error! Bookmark not defined.**

COUNT SEVEN– ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS....................................................................................................... 24

ELEMENTS ....................................................................................................... 24

COUNT EIGHT - DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS............................................................................... 25

ELEMENTS ....................................................................................................... 25

COUNT NINE – ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS .........................................................**Error! Bookmark not defined.**

ELEMENTS ...........................................................**Error! Bookmark not defined.**

COUNT TEN – ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WHILE USING OR CARRYING A DEADLY OR DANGEROUS WEAPON ...................................................................................**Error! Bookmark not defined.**

ELEMENTS ...........................................................**Error! Bookmark not defined.**

COUNT ELEVEN – DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS WHILE USING OR CARRYING A DANGEROUS OR DEADLY WEAPON ...............................................**Error! Bookmark not defined.**

ELEMENTS ...........................................................**Error! Bookmark not defined.**

COUNT TWELVE – ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS WHILE USING OR CARRYING A DANGEROUS OR DEADLY WEAPON ...............................................**Error! Bookmark not defined.**

ELEMENTS ...........................................................**Error! Bookmark not defined.**

COUNT THIRTEEN – DISORDERLY CONDUCT IN A CAPITOL BUILDING................ 28

ELEMENTS ....................................................................................................... 28

COUNT FOURTEEN – ACTS OF PHYSICAL VIOLENCE IN THE CAPITOL BUILDINGS OR GROUNDS ................................................................................................................ 30

  ELEMENTS ................................................................................................................ 30

PROOF OF STATE OF MIND........................................................................................... 31

UNANIMITY—GENERAL ............................................................................................... 32

POSSIBLE PUNISHMENT NOT RELEVANT .................................................................. 33

VERDICT FORM EXPLANATION ................................................................................... 34

EXHIBITS DURING DELIBERATIONS ........................................................................... 35

NOTETAKING BY JURORS (FINAL).............................................................................. 36

SELECTION OF FOREPERSON ....................................................................................... 37

CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH ........................................................................................................................................ 38

COMMUNICATION BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS ............................................................................................................. 39

ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS ................................... 40

EXCUSING ALTERNATE JURORS ................................................................................. 41

## **FUNCTION OF THE COURT**

My function as the judge is to conduct the trial of the case in an orderly, fair, and efficient manner.  As the judge, I also had to rule upon questions of law arising during the trial, and must now tell you the law that applies to this case.

It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions.  In other words, even if you disagree or do not understand the reasons for any of the instructions, you must nonetheless follow them.

## **FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the only judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You also alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these feelings, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, political association or beliefs, income level, or where they live. You must determine the facts solely from a fair consideration of the evidence. You therefore must decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done during the trial or during my legal instructions as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdicts that you render in this case are your sole and exclusive responsibility.

## **FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy and a tape of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return the instructions to me when your verdict is rendered.

## **JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**EVIDENCE IN THE CASE**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, states that he or she has actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen after waking up would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## **INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Donnie Wren's or Thomas Smith's guilt or draw any inference of guilt from it.

## <u>STATEMENTS OF COUNSEL</u>

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

## INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## <u>REDACTED DOCUMENTS AND TAPES</u>

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

## **BURDEN OF PROOF**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Donnie Wren or Thomas Smith to prove their innocence or to produce any evidence at all. If you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense. On the other hand, if you find that the government has proven beyond a reasonable doubt every element of a particular offense with which a defendant is charged, ~~it is your duty~~ you may find him guilty of that offense.

*[Note: defendant proposes reversing the order of the last two sentences above so that they are more consistent with the burden of proof.  Also, by constitutional design, no jury ever has a duty to convict.  Jurors MAY convict if the prosecution proves its case beyond a reasonable doubt.]*

## **REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.  Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.  The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

## CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified during this trial.

You are the sole judges of the credibility or believability of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility or believability means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility or believability of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections or expressed memory of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.

17

You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## <u>POLICE OR LAW ENFORCEMENT OFFICER'S TESTIMONY</u>

A police or law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police or law enforcement officer.

## **RIGHT OF DEFENDANT NOT TO TESTIFY**

(if applicable)

Every defendant in a criminal case has an absolute right not to testify. [Donnie Wren and/or Thomas Smith] has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

## **DEFENDANT AS WITNESS**

(if applicable)

A defendant has a right to become a witness in his/her own behalf. His/her testimony should not be disbelieved merely because he/she is the defendant. In evaluating his/her testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

## **NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of the charges to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## <u>MULTIPLE DEFENDANTS – MULTIPLE COUNTS</u>

Each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of his guilt as to each of the crimes for which he is on trial determined from his own conduct and from the evidence that applies to him as if he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant unless I specifically instruct you to do otherwise.

The fact that you may find either defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant.  Nor should it influence your verdict with respect to the other defendant as to that count or any other count in the indictment.  Thus, you may find either one of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts.  At any time during your deliberations you may return your verdict of guilty or not guilty with respect to either defendant on any count.

## COUNT – ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS

### ELEMENTS

Count Seven of the Indictment charges defendants with Entering or Remaining in a Restricted Building or Grounds, which is a violation of federal law.  In order to find a defendant guilty of this offense, the government must prove each of the following two elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

Second, that he did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

The term "knowingly" has the same meaning as described in the instructions for Counts One and Two.

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense.  Thus, you cannot find a defendant guilty of Count ??? unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in a restricted building or grounds.

## COUNT - DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS

### ELEMENTS

Count Eight of the Indictment charges defendants with Disorderly or Disruptive Conduct in a Restricted Building or Grounds which is a violation of federal law.

In order to find defendants guilty of this offense, the government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any restricted building or grounds;

Second, that he did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and

Third, that his conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a proceeding.

The term "restricted building or grounds" has the same meaning as described in the instructions for Count Seven.

The term "knowingly" has the same meaning as described in the instructions for Counts One and Two.

nd Counts One, respectively.

## COUNT THIRTEEN – DISORDERLY CONDUCT IN A CAPITOL BUILDING

### ELEMENTS

Count Thirteen of the Indictment charges both defendants with Disorderly and Disruptive Conduct in a Capitol Building or Grounds, which is a violation of federal law.

In order to find the defendants guilty of this offense, the government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendants engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds;

Second, that the defendants did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of the United States Congress or either House of Congress, which are the United States Senate and the United States House of Representatives; and

Third, that the defendants acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The terms "disorderly conduct" and "disruptive conduct" have the same meaning as described in the instructions for Count Eight.

A defendant acts "willfully" if he knew his conduct was unlawful and he intended to do something that the law forbids.  In other words, to find that the defendants acted "willfully," you must find that the evidence proved beyond a reasonable doubt that they acted with a purpose to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendants had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

The term "knowingly" has the same meaning as that described in the instructions for Counts One and Two.

## COUNT FOURTEEN – ACTS OF PHYSICAL VIOLENCE IN THE CAPITOL BUILDINGS OR GROUNDS

### ELEMENTS

Count Fourteen of the Indictment charges both defendants with Engaging in an Act of Physical Violence in the Capitol Building or Grounds, which is a violation of federal law.

In order to find the defendants guilty of this offense, the government must prove each of the following two elements beyond a reasonable doubt:

First, that the defendants engaged in any act of physical violence in any of the United States Capitol Buildings or Grounds; and

Second, that the defendants acted willfully and knowingly.

The term "United States Capitol Buildings" has the same meaning described in the instruction for Count Thirteen.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

The term "willfully" has the same meaning as that described in the instructions for Count Thirteen.

The term "act of physical violence" has the same meaning as that described in the instructions for Count Nine.

## PROOF OF STATE OF MIND

Someone's intent, knowledge, or willfulness ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent, knowledge, or willfulness from the surrounding circumstances. You may consider any statement made or acts done or omitted by Mr. Wren or Mr. Smith, and all other facts and circumstances received in evidence which indicate their intent, knowledge, or willfulness.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Wren and Mr. Smith acted with the necessary state of mind.

## __UNANIMITY—GENERAL__

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

## **POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## **VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## **EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence, except for the tape recordings. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdicts.

If you wish to view the tape records, please notify the clerk by a written note and we will bring you into the courtroom to view the recordings.

## NOTETAKING BY JURORS (FINAL)

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks wish you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## **SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## <u>CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND</u>
## <u>RESEARCH</u>

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## COMMUNICATION BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## <u>EXCUSING ALTERNATE JURORS</u>

The last thing I must do before you begin your deliberations is to excuse the alternate juror. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse the jurors in seats 4 and 10.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.