**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>DAVID JOHN LESPERANCE, CASEY<br>CUSICK, and JAMES VARNELL<br>CUSICK, JR.,<br><br>    Defendants. | Criminal Action No. 21-575 (JDB) |

## FINAL JURY INSTRUCTIONS

1

## PREAMBLE

Ladies and Gentlemen, the time has now come when all the evidence is in and you have heard the closing arguments of the lawyers. It is now up to me to instruct you on the law that will control your deliberations in this case. My instructions will be roughly divided into four parts. First, I will talk with you about some general principles of the law. Second, I will instruct you on evaluating the evidence. Third, I will discuss with you instructions that apply to the elements of the particular offenses charged in this case. Finally, I will have some closing remarks about your deliberations in this matter.

For those of you taking notes, I want to let you know that a written copy of these instructions will be available for you as you start your deliberations.

Let me begin with some general principles. First, I am sure you understand by now that the jury and the court—you and I—have quite different responsibilities in a trial.

## **GENERAL INSTRUCTIONS**

**Instruction 2.101**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction 2.102**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2.103**

**JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to evidence is different from your own memory of the evidence, it is your recollection that should control during your deliberations.

**EVAULATING THE EVIDENCE**

**Instruction 2.104**

**EVIDENCE IN THE CASE**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses and the exhibits which were admitted into evidence.

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 2.105**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106**

## CRIMINAL INFORMATION NOT EVIDENCE

The criminal information is merely the formal way of accusing a person of a crime. You must not consider the information as evidence of any kind—you may not consider it as any evidence of any of the defendants' guilt or draw any inference of guilt from it.

**Instruction 2.112**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Instruction 2.107**

**BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with each defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendants to prove their innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which one of the defendants is charged, it is your duty to find that defendant guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt as to one of the defendants, it is your duty to find that defendant not guilty of that offense.

**Instruction 2.108**

**REASONABLE DOUBT**

The government has the burden of proving a defendant guilty beyond a reasonable doubt as to each count or charge against him.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true, which we call the preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that one of the defendants is guilty of a crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Instruction 2.109**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. If a person looked out a window and saw that snow was falling, he would be an eyewitness to the fact that snow was falling; if he later testified in court that he had seen snow falling, his testimony would be direct evidence of the fact that snow was falling at the time he saw it happen. However, if he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up, it would be a reasonable inference that it had snowed while he was asleep. His testimony about those observations would be circumstantial evidence that it had snowed.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it be direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all the evidence presented, both direct and circumstantial.

**Instruction 2.200**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against each defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed. In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.

You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.111**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you might find the opposite.

**Instruction 2.207**

**LAW ENFORCEMENT OFFICER'S TESTIMONY**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

**Instruction 2.209**

**DEFENDANT AS A WITNESS**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is a defendant. In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it deserves.

**Instruction 2.305**

**STATEMENTS OF THE DEFENDANT – SUBSTANTIVE EVIDENCE**

You have heard evidence that one or more of the defendants made statements to law enforcement about the crimes charged. You should consider all the circumstances in deciding whether the defendant made those statements. If you find that the defendant made one or more of those statements, you must decide how much weight to give the statements.

For example, you may consider whether the defendant made the statements voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statements. You may consider all of the conversations between the defendant and law enforcement officers. You may consider whether the officers warned the defendant of his rights. You may consider where and when the statements were given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether the officers recorded some or all of the conversations. You may consider the age, education, experience, intelligence, and the physical and mental condition of the defendant who made the statements.

**Instruction 2.308**

**EVIDENCE ADMITTED AGAINST ONE DEFENDANT ONLY**

During trial, you have heard evidence of certain statements made by defendant David John Lesperance before trial to law enforcement. Those statements made by Mr. Lesperance were admitted only with respect to him, and they were not admitted against the other two defendants. You may consider evidence of those statements made before trial only with respect to Mr. Lesperance. You must not consider them in any way in your deliberations with respect to Mr. Casey Cusick or Mr. James Cusick Jr.

**Instruction 2.110**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## PREPARATION OF WITNESSES

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

**THE CHARGED OFFENSES**

## THE SPECIFIC OFFENSES

I will now instruct you on the specific offenses charged in the information. The information in this case contains four counts, each of which is charged against each defendant:

1. Entering and Remaining in a Restricted Building or Grounds;

2. Disorderly and Disruptive Conduct in a Restricted Building or Grounds;

3. Disorderly and Disruptive Conduct in a Capitol Building; and

4. Parading, Demonstrating, or Picketing in a Capitol Building.

## COUNT ONE: ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS

### 18 U.S.C. § 1752(a)(1)

Count One of the information charges each defendant with entering and remaining in a restricted building or grounds.

### Elements

In order to find one of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly, meaning he knew that the building or grounds was restricted and he knew he lacked lawful authority to enter or remain there.

### Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting. A restricted area does not need to be established by the Secret Service specifically to qualify as a "restricted building or grounds."

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all the evidence, including what he did or said.

26

## COUNT TWO: DISORDERLY AND DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS

### 18 U.S.C. § 1752(a)(2)

Count Two of the information charges each defendant with disorderly and disruptive conduct in a restricted building or grounds.

<u>Elements</u>

In order to find one of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Definitions</u>

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building or grounds" has the same meaning as in the instructions for Count One.

The term "knowingly" has the same meaning as in the instructions for Count One.

## COUNT THREE: DISORDERLY AND DISRUPTIVE CONDUCT IN A CAPITOL BUILDING

### 40 U.S.C. § 5104(e)(2)(D)

Count Three of the information charges each defendant with disorderly and disruptive conduct in a Capitol building.

<u>Elements</u>

In order to find one of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any United States Capitol Building.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "United States Capitol Building" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning as in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. An act is not done willfully if it is done as a result of mistake, carelessness, lack of an evil purpose or motive, or some other innocent reason. "Willfully" does not, however, require proof that the defendant was aware of the specific law or rule that his conduct may be violating.

The term "knowingly" has the same meaning as in the instructions for Count One.

28

## COUNT FOUR: PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING

### 40 U.S.C. § 5104(e)(2)(G)

Count Four of the information charges each defendant with parading, demonstrating, or picketing in a Capitol building.

### Elements

In order to find one of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any United States Capitol Building.

Second, the defendant acted willfully and knowingly.

### Definitions

The terms "parade" and "picket" have their ordinary meanings.

The term "demonstrate" has its ordinary meaning and includes conduct that would disrupt the orderly business of Congress.

The term "United States Capitol Building" has the same meaning as in the instructions for Count Three.

The term "knowingly" has the same meaning as in the instructions for Count One.

The term "willfully" has the same meaning as in the instructions for Count Three.

## CONSIDER ONLY OFFENSES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the offenses charged. The defendants are not on trial for any act, conduct, or offense not charged in the information. It is not up to you to decide whether anyone other than the defendants should be prosecuted for any of the offenses charged. The fact that another person also may be guilty is no defense to a criminal charge. The question of the possible guilt of others should not enter your thinking as you decide whether these defendants have been proven guilty of the offenses charged.

**Instruction 2.404**

**MULTIPLE DEFENDANTS – MULTIPLE COUNTS**

Each count of the Information charges a separate offense. Moreover, each defendant is entitled to have the issue of his guilt as to each of the crimes for which he is on trial determined from his own conduct and from the evidence that applies to him as if he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the criminal information, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the information should not influence your verdict with respect to any other count of the information for that defendant.  Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the information.  Thus, you may find any one or more of the defendants guilty or not guilty on any one or more counts of the information, and you may return different verdicts as to different defendants and as to different counts.

**Instruction 3.101**

**PROOF OF STATE OF MIND**

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by a defendant and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that each defendant acted with the necessary state of mind.

While a defendant must act with the requisite intent for each charged crime, this need not be the defendant's sole purpose. A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.

**<u>CLOSING REMARKS</u>**

**Instruction 2.502**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.405**

**UNANIMITY—GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

**Instruction 2.500**

**REDACTED EXHIBITS**

During the course of this trial, a number of exhibits were admitted into evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

## Instruction 2.501

## EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict. You will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes of witnesses' testimony.

**Instruction 2.505**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendants in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.

The duty of imposing sentence in the event of conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.509**

## COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – not the clerk, the marshal or me – how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter. This means, for example, that you should never tell me that the jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal as to any defendant, or on any other issue in the case.

**Instruction 2.100**

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return the instructions to me when your verdict is rendered.

**Instruction 1.02**

**NOTETAKING BY JURORS**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, the deputy clerk will collect your notebooks and pencils when you return to the courtroom. We will destroy your notes immediately after the trial. No one, including myself, will look at them.

**Instruction No. 2.407**

**VERDICT FORM EXPLANATION**

You will be provided with three Verdict Forms for use when you have concluded your deliberations. The forms are not evidence in this case, and nothing in them should be taken to suggest or convey any opinion by me as to what your verdicts should be. Nothing in the forms replaces the instructions of law I have already given you, and nothing in them replaces or modifies the instructions about the essential elements which the government must prove beyond a reasonable doubt. The forms are meant only to assist you in recording your verdicts.

The forms have some space for entries of your verdict on each count charged as to each defendant. You should record your verdict on the forms only after you have reached a unanimous verdict. They should then be signed and dated by the foreperson.

**Instruction 2.510**

## ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.508**

## CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATIONS, AND RESEARCH

As I've instructed you previously, in some cases, although not necessarily this one, there may be reports in the newspaper, radio, television, or internet concerning the case while deliberations are going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not listen to or read such reports, and you must decide this case solely on the evidence presented in this courtroom. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

You must consider only evidence that meets certain standards in reaching your verdict.

For example, witnesses must be sworn to tell the truth and must be subject to cross-examination. News reports about this case are not subject to these standards, and if you read, listen to, or watch these reports, you may be exposed to misleading or inaccurate information that unduly favors one side of the case, and to which the other side is unable to respond. Therefore, you must completely disregard any press, television, radio, or internet reports that you may read, see, or hear. Such reports are not evidence and you should not be influenced in any manner whatever by such publicity. If any publicity about this trial inadvertently comes to your attention during your deliberations, do not discuss it with other jurors or anyone else. Just let me or the clerk or marshal know as soon after it happens as you can. I will then briefly discuss it with you to make sure it does not present any problems.

In fairness to both sides, it is essential that you comply with this instruction.

### Instruction 2.511

### EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats **seven and eleven.**

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury lounge to turn in your badge on your way out.

## RETURNING VERDICT AND POSSIBILITY OF A POLL

Lastly, I want to mention one or two matters before you begin your deliberations. These concern how your verdict will be delivered. When you have reached your verdict, just send me a note telling me you have reached a verdict, and have your foreperson sign the note. Don't tell me what your verdict is, and do not send your verdict forms out. I will find out your verdict by asking your foreperson to provide the verdict forms and state the verdicts in open court after you have finished your deliberations and returned to court.

Don't be surprised when your verdict is returned if one of the parties asks that the jury be polled. The reason for polling the jury is because each party has a right to be sure that your verdict is unanimous. "Polling" means that after the foreperson states your verdict, I will ask each of you individually whether your verdict agrees with that announced by your foreperson.

Your job is easy. If you agree with the verdict, you should simply say "yes" when I call the number of your jury seat. If you disagree in any way you should simply say "no." Do not say anything other than "yes" or "no" in response to a poll of the jury, and do not say anything during the poll unless and until your seat number is called.

Ladies and Gentlemen, at this time you may retire to begin your deliberations.